UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:01-cr-0059-JMS-DML |
| | ) | |
| CALVIN HENDERSON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Amended Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Jane Magnus-Stinson, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 9, 2017, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on November 20, 2017, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] The magistrate judge issued the original report and recommendation on November 29, 2017, and amends it solely to reference the correct date of the Petition in this paragraph.

On November 20, 2017, defendant Calvin Henderson appeared in person with his appointed counsel, William. The government appeared by Cynthia Ridgeway, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Henderson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Henderson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition had been provided to Mr. Henderson and his counsel, who informed the court they had reviewed the Petition and that Mr. Henderson understood the violations alleged. Mr. Henderson waived further reading of the Petition. The court summarized the allegations.

3. The court advised Mr. Henderson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Henderson was advised of the rights he would have at a preliminary hearing. Mr. Henderson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Henderson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Henderson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Henderson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Henderson, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |
| | Calvin Henderson submitted eight urine screens which tested positive for illegal drugs. All of the drugs screens tested positive for opiates and one additional test was also positive for cocaine. The opiate positives specimens were submitted on: November 16, 2016; November 20, 2016; November 27, 2016 (also positive for cocaine); December 2, 2016; February 14, 2017; October 18, 2017; October 31, 2017; and November 6, 2017; with heroin use either admitted or proven via confirmation. |
| | The first four positive specimens were reported to the Court via Report on Offender Under Supervision on December 28, 2016; and the fifth positive specimen was reported to the Court on March 14, 2017. |
| | On November 7, 2017, during a home exam, the probation officer viewed drug paraphernalia in the offender's residence; including a spoon with burn residue, a foil packet with what appeared to be heroin residue, and a lighter. The offender was stumbling, unable to stand up, fell to his bed, and appeared to be under the influence of heroin. He declined an ambulance and denied he was under the influence of heroin. |

7. The court placed Mr. Henderson under oath and directly inquired of Mr. Henderson whether he admitted violation 1 of his supervised release set forth above. Mr. Henderson admitted the violation as set forth above.

8. Government orally moved to dismiss violation 2 and the same was granted.

9. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Henderson's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of Mr. Henderson's supervised release, therefore, is 21 - 24 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of eighteen (18) months with no supervised release to follow. Mr. Henderson requested placement at a FMC facility or USP Atlanta.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, CALVIN HENDERSON, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eighteen (18) months with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The court will recommend placement at a FMC facility or USP Atlanta.

Counsel for the parties and Mr. Henderson stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Henderson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Henderson's supervised release, imposing a sentence of imprisonment of eighteen (18) months, with no supervised release to follow. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation. The court will recommend placement at a FMC facility or USP Atlanta.

IT IS SO RECOMMENDED.

Date: 12/8/2017

_____
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system